IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 1 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| DANIEL DURAN, ET AL., | § |
| | § |
| Plaintiffs, | § |
| | § |
| VS. | § NO. 4:14-CV-511-A |
| | § |
| HSBC BANK USA, NATIONAL | § |
| ASSOCIATION AS TRUSTEE FOR US | § |
| BANK HOME EQUITY ASSET-BACKED | § |
| SECURITIES 2005-2 TRUST, HOME | § |
| EQUITY ASSET-BACKED | § |
| CERTIFICATES, SERIES 2005-2, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

Plaintiff Daniel Duran[1] initiated this action on June 3, 2014, by filing his original petition and request for disclosure

---

[1] Although the state court pleading names Daniel Duran ("Duran") and Mark R. Allbritten ("Allbritten") as plaintiffs, it is signed only by Duran. As far as the court can tell from the papers attached to the state court pleadings, Allbritten and his wife purchased the property at issue in June 2005. Duran now claims he is the owner of the property through an uncontested warranty deed. Nothing in the state court pleadings indicates that Duran is a licensed attorney. Accordingly, while Duran can represent his own interests in this action, he cannot represent Allbritten or anyone else.

in the District Court of Tarrant County, Texas, 67th Judicial District, naming as defendant HSBC Bank USA, National Association as Trustee for Wells Fargo Home Equity Asset-Backed Securities 2005-2 Trust, Home Equity Asset-Backed Certificates, Series 2005-2. Defendant removed this action, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by 28 U.S.C. § 1332.

The allegations in the state court pleadings pertain to plaintiff's property on Stillmeadows Circle in North Richland Hills, Tarrant County, Texas. Plaintiff claims that he is the "holder of an uncontested warranty deed to the property," Notice of Removal, Ex. B-2, Pl.'s Original Pet. and Request for Disclosure at 1, although no information is given concerning when plaintiff purportedly obtained the warranty deed. Plaintiff contends that defendant is attempting to foreclose on the property, but it failed to provide proper notice to him of the foreclosure sale.[2] Plaintiff asserts a claim for breach of

---

[2] The notice of removal states that the property was sold at a foreclosure sale, which papers attached thereto show occurred on June 12, 2014.

2

contract against defendant and prays that the court award damages consisting of "mental anguish and loss of time," "legal research cost[s]," and "[a]ctual damages." Id., Ex. B at 4.

## II.

## Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[3] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must

---

[3] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

3

therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. <u>Manguno</u>, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See <u>Garcia v. Koch Oil Co. of Texas Inc.</u>, 351 F.3d 636, 640 n.4 (5th Cir. 2003).

### III.

### The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor do the pleadings define in any way the value of the right sought to be protected or the extent of the injury sought to be

prevented. Having considered the nature of plaintiff's claims, as well as the authorities and arguments cited by defendant in the notice of removal, the court is unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

Nothing on the face of plaintiff's state court pleadings provides sufficient information as to the amount in controversy. In the notice of removal, defendant maintains that plaintiff seeks a declaratory judgment, and defendant relies primarily on authorities holding that "[i]n an action for declaratory and/or injunctive relief, the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'" Notice of Removal at 5 (citing Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 909, 910 (5th Cir. 2002)). Defendant then argues that because plaintiff seeks declaratory relief with regard to the property, the value of the property establishes the amount in controvesy. Inasmuch as the property sold at a foreclosure sale for $111,000, defendant contends that the amount in controversy exceeds the $75,000 jurisdictional minimum.

While defendant's statement of the law is correct, the court does not agree with defendant's application of the law to

5

plaintiff's claims. The petition only mentions the Texas Declaratory Judgment Act in passing, in a single sentence on the first page of the petition under the heading "Parties." None of the damages or other relief sought by plaintiff mentions declaratory or injunctive relief, nor can the damages sought by plaintiff be construed as seeking such relief. The court declines to find that the mere mention of a statute is sufficient to imply a cause of action and request for damages based on that statute.

Although defendant also relies on other damages sought by plaintiff, such as his request for legal research costs and mental anguish damages, to bolster it's jurisdictional argument, no information is provided in the petition from which the court could conclude that those damages would exceed $75,000, exlcusive of interest and costs.

In sum, no information has been provided to the court that would enable the court to place a value on the interest plaintiff seeks to protect by this action. Thus, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

6

Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED July 1, 2014.

_____
JOHN McBRYDE
United States District Judge